**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **Beacon Navigation GMBH,** | **Civil Case No.   13-cv-11407-PJD-MAR** |
| | **Civil Case No.  13-cv-11410-PJD-MAR** |
| **Plaintiff,** | |
| v. | |
| | **Honorable Patrick J. Duggan** |
| **Bayerische Motoren Werke, AG, *et al*,** | |
| | **Magistrate Judge Mark A. Randon** |
| **Defendant(s).** | |

**DEFENDANTS BAYERISCHE MOTOREN WERKE, AG'S, BMW OF
NORTH AMERICA, LLC's, AND BMW MANUFACTURING CO., LLC'S
RENEWED MOTION TO STAY THE PROCEEDINGS PENDING
REEXAMINATION OF THE ASSERTED PATENTS**

Defendants Bayerische Motoren Werke, AG, BMW of North America, LLC's, and BMW Manufacturing Co., LLC (collectively, "BMW") hereby renew their motion to stay these two litigations until the completion of currently-pending reexaminations of the six patents-in-suit by the United States Patent and Trademark Office ("PTO") and any related appeals to the Court of Appeals for the Federal Circuit. Plaintiff Beacon Navigation GmbH ("Beacon") asserts that BMW infringes certain claims of six patents, but *all of the asserted patent claims* are currently rejected or under review at the PTO. Given this status at the PTO, and because these litigations are in the early stages (indeed, they have not begun), these cases are particularly appropriate for stay pending reexamination.

1

Additionally, all of the three factors that are considered in this Circuit and District for a stay pending reexamination strongly favor a stay, including: (1) a stay will not unduly prejudice Beacon, because Beacon is a patent holding company (also called a "non-practicing entity" or "NPE") that has no business operations, has no products, does not compete with BMW, and thus, would not be harmed by a stay because of the availability of money damages to compensate for any delay; (2) the pending reexaminations will certainly simplify issues in the case and, indeed, have significantly simplified the case already due to the fact that the PTO has already rejected most of the asserted patent claims (and Beacon has even acquiesced to some of those rejections and not sought appeal or other PTO review); and (3) the case is in the early stages, as no schedule has been set and the litigations remain in the pleading stages.  Thus, as all of the factors considered by this District favor a stay, this Court should stay these litigations pending reexamination.

Pursuant to E.D. Mich. LR 7.1(a), the attorneys for BMW conferred with the attorneys for Beacon and explained to them the nature of and legal basis for BMW's renewed motion for a stay pending reexamination. BMW's attorneys requested, but were unable to obtain, Beacon's concurrence in the motion.

2

DICKINSON WRIGHT PLLC

By: /s/ Michelle L. Alamo _____

Michelle L. Alamo (P60684)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
malamo@dickinsonwright.com

*Of Counsel*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two          Freedom          Square
11955 Freedom Dr.
Reston, Virginia 20190
Telephone: (571) 203-2700
lionel.lavenue@finnegan.com

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, D.C.
Telephone: (202) 408-4000
ben.cassady@finnegan.com

*Attorneys for Defendants*
*BMW OF NORTH AMERICA, LLC, BMW*
*MANUFACTURING CO., LLC, AND*
*BAYERISCHE MOTOREN WERKE AG*

Dated:  July 9, 2013

3

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Beacon Navigation GMBH,

Plaintiff,

v.

Bayerische Motoren Werke, AG, *et al*,

Defendant(s).

Civil Case No.   13-cv-11407-PJD-MAR
Civil Case No.   13-cv-11410-PJD-MAR


Honorable Patrick J. Duggan

Magistrate Judge Mark A. Randon

---

**DEFENDANTS BAYERISCHE MOTOREN WERKE, AG'S,
BMW OF NORTH AMERICA, LLC's, AND BMW MANUFACTURING
CO., LLC'S BRIEF IN SUPPORT OF THEIR RENEWED MOTION
TO STAY THE PROCEEDINGS PENDING REEXAMINATION
OF THE ASSERTED PATENTS**

## STATEMENT OF THE ISSUES PRESENTED

Should these proceedings be stayed until the completion of reexaminations and *inter partes* review (IPR) for the patents-in-suit that are currently pending before the United States Patent and Trademark Office and any related appeals to the Court of Appeals for the Federal Circuit?

Defendants' Answer: Yes.

## CONTROLLING AND MOST IMPORTANT AUTHORITY

*Magna Donnelly Corp. v. Pilkington North America, Inc.*,
   No. 4:06-cv-126, 2007 WL 772891 (W.D. Mich. March 12, 2007)

*Visual Interactive Phone Concepts, Inc. v. Samsung Telecommunications America, LLC*, No. 11-12945, 2012 WL 1049197 (E.D. Mich. March 28, 2012)

*Equipements de Transformation IMAC v. AnheuserBusch Cos., Inc.*,
   559 F Supp.2d 809 (E.D. Mich. 2008)

*Insituform Technologies, Inc. v. Liqui-Force Services (USA), Inc.*,
   No. 08-11916, 2009 WL 1469660 (E.D. Mich. May 26, 2009)

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*,
   68 U.S.P.Q.2d. 1755 (E.D. Mich. 2003)

*Donnelly Corp. v. Guardian Indus. Corp.*,
   No. 05–74444, 2007 WL 3104794 (E.D. Mich. Oct. 22, 2007)

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ........................................................ i

CONTROLLING AND MOST IMPORTANT AUTHORITY ................................. ii

TABLE OF AUTHORITIES................................................................................ v

I.      INTRODUCTION – AS ALL OF THE CURRENTLY
        ASSERTED PATENT CLAIMS AGAINST BMW ARE
        SUBJECT TO REEXAMINATION AT THE PTO, A STAY
        PENDING THE PTO PROCEEDINGS IS APPROPRIATE ....................... 1

II.     BACKGROUND OF THE BEACON CASES - BEACON
        ASSERTS 14 CLAIMS, AND ALL OF THOSE PATENT
        CLAIMS ARE UNDER REEXAMINATION AT THE PTO ...................... 2

        A.   In the 407 Case, Beacon Asserts Eight Patent Claims
             Against BMW; All Eight Are Under Reexamination and
             Rejected........................................................................................ 3

             1. The '201 Patent (Asserted Claims 1, 12, and 18)............................ 3

             2. The '368 Patent (Asserted Claims 1 and 15).................................... 5

             3. The '269 Patent (Asserted Claims 1, 7, and 11)............................... 5

        B.   In the 410 Case, Beacon Asserts Six Patent Claims Against
             BMW; All Six Are under Reexamination, Four Are Rejected............. 7

             1.     The '180 Patent (Asserted Claim 1)........................................... 7

             2.     The '111 Patent (Asserted Claims 1, 10, and 17) ...................... 8

             3.     The '511 Patent (Asserted Claims 1 and 3)................................ 8

        C.   Due to the PTO's Rejection of Beacon's Originally Asserted
             Claims During the Reexaminations, Beacon Now Seeks to
             Assert New and Different, But Similarly Invalid, Claims................... 9

             1.     The '368 Patent (New Claims 10 and 11)................................... 9

             2.     The '180 Patent (New Claims 7 and 8)..................................... 10

        3.   The '111 Patent (New Claims 5, 12, and 19) ........................... 10

III.   ARGUMENT - A STAY PENDING REEXAMINATION WILL
       SIMPLIFY THE ISSUES IN THE CASE, AS IT HAS
       ALREADY, AND WILL NOT PREJUDICE BEACON ............................ 11

       A.   The First Relevant Factor (Prejudice or Tactical
            Disadvantage) Favors a Stay: Beacon is a Patent Holding
            Company and Does Not Compete with BMW (or Anyone);
            Moreover, The Reexamination Proceedings at the PTO Are
            at an Advanced Stage Compared To The Various Lawsuits .............. 13

       B.   The Second Relevant Factor (Simplifying the Issues) Favors
            a Stay: The PTO Has Ordered Reexamination of, and
            Rejected as Not Patentable, All Twelve Claims of the '201,
            '368,'269, '180, and '111 Patents That Beacon Has Asserted
            Against BMW, and a Reexamination of the Remaining Two
            Asserted Claims of the '511 Patent Against BMW is
            Pending ............................................................................. 16

       C.   The Third Relevant Factor (The Current Status of the
            Litigations) Favors a Stay: Beacon's Lawsuits Against
            BMW Have Not Advanced Beyond the Pleading Stage ................... 24

IV.   CONCLUSION ........................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Donnelly Corp. v. Guardian Indus. Corp.*,
   No. 05-74444, 2007 WL 3104794 (E.D. Mich. Oct. 22, 2007) ........................ 11

*DSW Inc. v. Shoe Show, Inc.*,
   No. 1:11 CV 1797, 2012 WL 2994193 (N.D. Ohio Jul. 20, 2012) ............. 11, 14

*Dura Global Techs., LLC v. Magna Int'l Inc.*,
   Civil Action No. 11-cv-10551-SFC-MKM, 2011 WL 5039883 (E.D.
   Mich. Oct. 24, 2011) ...................................................................................... 21

*Equipements de Transformation Imac v. Anheuser-Busch Co., Inc.*,
   559 F. Supp 2d 809 (E.D. Mich. 2008) ............................................................ 19

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422,1426 (Fed. Cir. 1988) ............................................................... 21

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
   No. 08-60996-CIV, 2012 WL 5364263 (S.D. Fla. Sept. 10, 2012) ................... 22

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
   – F.3d –, 2013 WL 3305763 (Fed. Cir. 2013.) ................................................. 23

*Insituform Techs., Inc. v. Liqui- Force Servs. (USA), Inc.*,
   No. 08-11916, 2009 WL 1469660 (E.D. Mich. May 26, 2009) ........................ 12

*KLA–Tencor Corp. v. Nanometrics, Inc.*,
   No. C 05-3116 JSW, 2006 WL 708661 (N.D. Cal. March 16, 2006) ............... 14

*Krippelz v. Ford Motor Co.*,
   667 F.3d 1261 (Fed. Cir. 2012) ........................................................................ 20

*Magna Donnelly Corp. v. Pilkington N. Am., Inc.*,
   No. 4:06-CV-126, 2007 WL 772891 (W.D. Mich. Mar. 12, 2007) ........... passim

*Marine Polymer Techs. v. Hemcon, Inc.*,
   659 F.3d 1084 (Fed. Cir. 2011), *aff'd en banc*, 672 F.3d 1350 (Fed. Cir.
   2012) ................................................................................................................. 20

v

*Marine Polymer Techs. v. Hemcon, Inc.*,
    672 F.3d 1350 (Fed. Cir. 2012) (en banc) ........................................................ 21

*NetJumper Software, L.L.C. v. Google, Inc.*,
    No. 04-70366, 2008 WL 2761022 (E.D. Mich. Jul. 15, 2008) ........ 11, 13, 14, 19

*Ralph Goznnocci Rev. Living Tr. v. Three M Tool & Mach. Inc.*,
    68 U.S.P.Q.2d 1755 (E.D. Mich. 2003) (Duggan, J.) ............................ 12, 13, 20

*Seaquist Closures LLC v. Rexam Plastics*,
    No. 08C0106, 2009 WL 1615521 (E.D. Wis. Jun. 9, 2009) ............................ 22

*Southwall Technologies, Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995) ........................................................................ 22

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*,
    412 Fed. Appx. 270 (Fed. Cir. 2011) .............................................................. 20

*Tan v. Integrated Silicon Sol'ns. Inc.*,
    No. C 07-06166 WHA, 2008 WL 2340217 (N.D. Cal. Jun. 5, 2008) .............. 23

*Univ. of Va. Patent Found. v. General Electric Co.*,
    755 F. Supp. 2d 709 (W.D. Va. 2010) .............................................................. 21

*Visual Interactive Phone Concepts, Inc. v. Samsung Tel. Am., LLC*,
    No. 11-12945, 2012 WL 1049197 (E.D. Mich. Mar. 28, 2012) 11, 12, 13, 14, 20

## Other Authorities

37 C.F.R. § 1.913 ........................................................................................................ 7

**I.   INTRODUCTION – AS ALL OF THE CURRENTLY ASSERTED PATENT CLAIMS AGAINST BMW ARE SUBJECT TO REEXAMINATION AT THE PTO, A STAY PENDING THE PTO PROCEEDINGS IS APPROPRIATE**

Plaintiff Beacon Navigation GmbH ("Beacon") asserts that defendants Bayerische Motoren Werke, AG, BMW of North America, LLC, and BMW Manufacturing Co., LLC (collectively, "BMW") infringe certain claims of six patents, but all of those patent claims are currently rejected or under review at the U.S. Patent and Trademark Office ("PTO"). Accordingly, in October 2012, BMW simultaneously moved to stay these lawsuits in view of the concurrent reexamination proceedings in the PTO, or alternatively, to transfer the litigations to this District based on the location of the parties and suppliers of the accused components. That motion, both with respect to the stay pending reexamination and transfer, was fully briefed in the Delaware cases, and Judge Sleet subsequently granted the motion to transfer to this District but did not rule on the motion to stay.

The courts in the Sixth Circuit and in this District consider the same factors that courts in the Third Circuit and in Delaware consider when determining whether or not a stay of litigation is appropriate in view of PTO reexamination proceedings. Now that these cases are before this Court in Michigan, BMW respectfully re-files the instant motion for a stay of Beacon's litigations until the completion of the PTO reexamination proceedings, including any appeals taken by Beacon, based on the same reasons stated by BMW when this motion was filed

1

with the Delaware court – particularly that a stay will simplify the issues for trial, conserve the resources of the parties and this Court, and will not result in undue prejudice. Further, there are additional grounds for a stay now that were not present in the Delaware action, namely, 12 of the 14 claims that Beacon asserts against BMW currently stand rejected at the PTO, and an *ex parte* reexamination has been granted for the other two.[1] Thus, given the low probability that any of the patent claims will survive at the PTO, a stay pending reexamination is fully appropriate.

## II.   BACKGROUND OF THE BEACON CASES - BEACON ASSERTS 14 CLAIMS, AND ALL OF THOSE PATENT CLAIMS ARE UNDER REEXAMINATION AT THE PTO

On October 11, 2011, Beacon filed two separate complaints in the District of Delaware against BMW, asserting three patents in both of the complaints.[2] Beacon's complaint in the 407 case concerns three of the six asserted patents (including U.S. Patent Nos. 5,819,201 ("the '201 patent"), 5,878,368 ("the '368 patent"), and 6,163,269 ("the '269 patent")), alleging infringement of eight total

---

[1] Beacon is in the process of seeking leave to revise the asserted claims in this case, apparently based on the many rejections that it has experienced in the reexamination proceedings at the PTO. This fact validates the BMW's argument that this ligation should be stayed pending the outcome of the reexaminations.

[2] Beacon's two complaints were docketed in the District of Delaware as Case Nos. 1:11-cv-00930-GMS (the "930" case) and 1:11-cv-00931-GMS (the  "931" case). Both lawsuits were recently transferred to this District and have been assigned new docket numbers (the 930 case is now 2:13-cv-11407 (the "407 case"); the 931 case is now 2:13-cv-11410 (the "410 case").

In addition to these lawsuits, Beacon also filed suit in the District of Delaware asserting the same patents (and the same patent claims) in more than 30 other complaints against different, unrelated automobile manufacturers. All of those cases have since been transferred from Delaware to this District. *See, e.g.*, E.D. Mich. Case Nos. 2:13-cv-11378, 2:13-cv-11380 (Chrysler), 2:13-cv-11381, 2:13-cv-11382 (Ford), and 2:13-cv-11386, 2:13-cv-11387 (GM).

2

patent claims – claims 1, 12, and 18 of the '201 patent, claims 1 and 15 of the '368 patent, and claims 1, 7, and 11 of the '269. Beacon's complaint in the 410 case concerns three additional patents (including U.S. Patent Nos. 6,374,180 ("the '180 patent"), 6,029,111 ("the '111 patent"), and 5,862,511 ("the '511 patent")), alleging infringement of six further patent claims – claim 1 of the '180 patent, claims 1, 10, and 17 of the '111 patent, and claims 1 and 3 of the '511 patent. As explained below, all of these patent claims are under reexamination at the PTO.

### A. In the 407 Case, Beacon Asserts Eight Patent Claims Against BMW; All Eight Are Under Reexamination and Rejected

As for the eight patent claims asserted in the 407 case, the PTO has ordered the reexamination of *all eight claims* of the '201, '368, and '269 patents that Beacon asserts against BMW in view of the prior art presented in requests for reexamination filed by Volkswagen Group of America, Inc. ("VWGoA") and, further, has found that *all eight claims* are not patentable over the prior art.[3]

### 1.    The '201 Patent (Asserted Claims 1, 12, and 18)

After Beacon filed its lawsuits, VWGoA filed a request for *ex parte* reexamination of claims 1, 12, and 18 of the '201 patent on April 26, 2012. The

---

[3] BMW moved to stay both lawsuits filed by Beacon in Delaware until the reexaminations of Beacon's patents are completed. *See* 930 case, D.I. 36-51; 931 case, D.I. 25-33, 38-43, and 46-48. Those motions were fully briefed and pending when the litigations were transferred. That briefing describes the status of the reexaminations as of that point in time, and this renewed motion again requests a stay of both lawsuits. An updated summary of the status of the reexaminations of the asserted patents is also included for the Court's convenience.

3

PTO ordered reexamination of claims 1 and 12 on May 16, 2012. *See* Ex. 1. Although it had the option to do so, Beacon did not respond to the reexamination order within the time permitted. On August 2, 2012, the Examiner issued an Office Action rejecting claims 1 and 12 as unpatentable. *See* Ex. 2. Beacon submitted a response to the Office Action on October 2, 2012 along with an information disclosure statement identifying prior art documents for consideration by the PTO.

On June 29, 2012, VWGoA filed a second request for *ex parte* reexamination of the '201 patent, which additionally proposed the rejection of claim 18 based on new prior art not considered by the PTO in granting VWGoA's April 26, 2012 request for reexamination. The PTO ordered reexamination of claim 18 on August 16, 2012. *See* Ex. 3. Although it had the option to do so, again, Beacon did not respond to the reexamination order within the time permitted.

On January 29, 2013 the PTO issued an order merging the *ex parte* reexamination proceedings initiated by VWGoA's April 26, 2012 and June 29, 2012 requests. After merging the proceedings, the PTO issued an Office Action on February 15, 2013 rejecting each of claims 1, 12, and 18 as unpatentable. *See* Ex. 4. Beacon submitted a response to the Office Action on April 15, 2013; and, all of claims 1, 12, and 18 still remain rejected as not patentable over the prior art. Beacon filed a notice of appeal of the PTO's rejection on July 1, 2013. Ex. 5.

## 2.   The '368 Patent (Asserted Claims 1 and 15)

VWGoA filed a request for *ex parte* reexamination of claims 1 and 15 of the '368 patent on April 26, 2012. The PTO ordered reexamination on May 18, 2012. *See* Ex. 6. Although it had the option to do so, Beacon did not respond to the reexamination order within the time permitted. On August 8, 2012, the Examiner issued an Office Action rejecting claims 1 and 15 as unpatentable. *See* Ex. 7. Beacon submitted a response to the Office Action on October 9, 2012 along with an information disclosure statement identifying prior art documents for consideration by the PTO. The PTO issued a Final Office Action on March 4, 2013, again rejecting claims 1 and 15 as not patentable, *see* Ex. 8, and Beacon filed a response to this Final Office Action on May 6, 2013. On June 5, 2013, the PTO issued an Advisory Action in which the Examiner disagreed with all of the arguments in support of patentability advanced by Beacon. *See* Ex. 9.  Therefore, claims 1 and 15 remain finally rejected as not patentable over the asserted prior art. Beacon filed a notice of appeal of the PTO's rejection on July 1, 2013.  Ex. 10.

## 3.   The '269 Patent (Asserted Claims 1, 7, and 11)

On April 26, 2012, VWGoA filed a request for *ex parte* reexamination of claims 1, 7, and 11 of the '269 patent, which the PTO granted on May 23, 2012. *See* Ex. 11. Although it had the option to do so, Beacon did not respond to the reexamination order within the time permitted. On September 14, 2012, the

Examiner issued an Office Action rejecting claims 1, 7, and 11 as unpatentable. *See* Ex. 12. Beacon submitted its response to the Office Action on November 14, 2012 along with an information disclosure statement identifying prior art documents for consideration by the PTO. The PTO issued a Final Office Action on January 24, 2013, again rejecting claims 1, 7, and 11 as not patentable. *See* Ex. 13. Beacon filed a request for reconsideration of the finality of the Office Action on February 5, 2013. *See* Ex. 14. In an Advisory Action dated March 8, 2013, the PTO stated that Beacon's arguments were not persuasive and that the finality of the February 5, 2013 would not be withdrawn. *See* Ex. 15. Therefore, claims 1, 7 and 11 remain finally rejected at the PTO as not patentable over the asserted prior art.

Notably, despite specific warning from the PTO about these patent claims, Beacon has taken no action to maintain the validity of claims 1, 7 and 11. Indeed, in the recent Advisory Action, the PTO explicitly warned Beacon as follows:

> Unless a timely appeal is filed, or other appropriate action by the patent owner is taken to overcome all of the outstanding rejection(s), this prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims, or claims objected to, will be CANCELLED.

Thus, although the Advisory Action granted Beacon an automatic extension of time, until April 24, 2013, to appeal or otherwise overcome the rejections set forth in the Final Office Action, according to PTO records, as of the filing of this

6

motion, Beacon has not appealed the decision and has not filed any further response. As a result, the PTO will (as stated in the Advisory Action) shortly terminate the reexamination of the '269 patent and cancel claims 1, 7, and 11.[4]

### B. In the 410 Case, Beacon Asserts Six Patent Claims Against BMW; All Six Are under Reexamination, Four Are Rejected

The PTO has ordered the reexamination of *all six claims* of the '180, '111, and '511 patents that Beacon asserts in the 410 case in view of the prior art presented in requests for reexamination filed by VWGoA. The PTO has found four of the six claims not patentable over the asserted prior art, and has granted reexamination of the remaining two claims, which is currently pending.

### 1. The '180 Patent (Asserted Claim 1)

VWGoA filed a request for *inter partes* reexamination of claim 1 of the '180 patent on December 13, 2011.[5] On February 1, 2012, the PTO ordered reexamination and rejected the claim as not patentable in view of the prior art submitted by VWGoA . *See* Exs. 16-18. Although Beacon had the opportunity to

---

[4] Indeed, based on the PTO's rejection of claims 1, 7, and 11 of the '269 patent, it is highly relevant to recognize that Beacon's proposed amended complaint no longer asserts infringement of the '269 patent in any way, *see* 407 case, D.I. 15 at Ex. 1, perfectly illustrating the importance of a stay pending reexamination, allowing for a clear simplification of the case issues.

[5] In 2011, *inter partes* reexamination was available only for patents issued from a patent application filed in the United States on or after November 29, 1999. *See e.g.*, 37 C.F.R. § 1.913. Of the six patents asserted against BMW, only Beacon's '180 patent is subject to *inter partes* reexamination. The remaining reexaminations were filed pursuant to the PTO's *ex parte* reexamination rules.

do so, Beacon did not appeal this PTO ruling in any way, and claim 1 was canceled by the PTO in a reexamination certificate issued on May 2, 2013. *See* Ex. 19.

### 2.     The '111 Patent (Asserted Claims 1, 10, and 17)

VWGoA filed a request for *ex parte* reexamination of claims 1, 10, and 17 of the '111 patent on December 23, 2011, and reexamination of these claims was ordered by the PTO on January 30, 2012. *See* Ex. 20. The PTO rejected these claims as not patentable.  Again, although Beacon had the opportunity to do so, Beacon did not appeal this determination in any way, and the PTO canceled the claims in a reexamination certificate issued on March 28, 2013.[6] *See* Exs. 20-23.

### 3.     The '511 Patent (Asserted Claims 1 and 3)

VWGoA first filed a request for *ex parte* reexamination of claims 1 and 3 of the '511 patent on January 27, 2012.  Ex. 28.  On July 24, 2012, the PTO issued a notice of intent to affirm claims 1 and 3, and on September 25, 2012, the PTO formally issued a certificate affirming patentability of the claims.  Exs. 29 and 30.

Subsequently, on October 18, 2012, Denso, petitioned for *inter partes* review for all 17 claims of the '511 patent.  Beacon responded to the petition on January 21, 2013 (Ex. 31), and the PTO denied the petition on April 2, 2013.  Ex.

---

[6]On October 18, 2012, Denso Corporation and Clarion Company, Ltd., also petitioned for *inter partes* review ("IPR") of all 28 claims of the '111 patent. Ex 24.  Beacon responded to this IPR petition on January 22, 2013.  Ex. 25.  The PTO subsequently granted the IPR petition as to claims 1-3, 5-6, 10-12, 17-20, and 22 on March 18, 2013.  Ex. 26.  Beacon later submitted a second response to the petition on June 18, 2013, but Beacon did not move to amend any claims. Ex. 27.

32.  Denso moved for rehearing of the PTO's decision on May 1, 2013 (Ex. 33),

but the PTO denied the motion on June 24, 2013.  Ex. 34.

In the meantime, however, on December 17, 2012, VWGoA had also filed a

second request for *ex parte* reexamination of claims 1 and 3 of the '511 patent.  Ex.

35.  The PTO ordered a reexamination based on that request on January 23, 2013.

See Ex. 36.  On February 5, 2013, the PTO stayed the reexamination proceeding

until the completion of an *inter partes* review previously filed by Denso.  As of the

filing of this motion, the stay remains in place, but claims 1 and 3 of the '511

patent still remain subject to reexamination before the PTO.

### C. Due to the PTO's Rejection of Beacon's Originally Asserted Claims During the Reexaminations, Beacon Now Seeks to Assert New and Different, But Similarly Invalid, Claims

On May 30, 2013, Beacon filed motions for leave to file amended

complaints to drop many of the rejected claims from the reexaminations and to add

new claims (and to consolidate the cases against BMW).   But, as with the

originally asserted claims, the new claims to be asserted are also likely invalid.[7]

### 1.   The '368 Patent (New Claims 10 and 11)

Beacon's proposed complaint in the 407 case seeks to additionally assert

infringement of claims 10 and 11 of the '368 patent and to drop the '269 patent

---

[7]As explained in the Volkswagen and Audi defendants' motion to dismiss, Beacon should be estopped from even asserting that any claims of the '180, '111, and '511 patents are valid.  *See. e.g.,* Case No. 2:13-cv-11405-PJD-MAR, D.I. 15.

entirely. *See* -407 case, D.I. 15 at Ex. 1. But, because the PTO rejected independent claim 1 of the '368 patent, from which claims 10 and 11 depend, and claims 10 and 11 only add minor variations to the features of the independent claim, those claims are also likely invalid. Indeed, claims 10 and 11 have only yet to be rejected by the PTO because they were not named in Beacon's initial complaint and, thus, were not included in VWGoA's reexamination request.

### 2.    The '180 Patent (New Claims 7 and 8)

Beacon's proposed complaint in the 410 case seeks to replace asserted claim 1 of the '180 patent, which was rejected at the PTO, with claims 7 and 8. But, as claims 7 and 8 of the '180 patent depend from claim 1, and as the PTO specifically rejected the allegedly novel feature of the '180 patent, any additional claims Beacon may assert, including claims 7 and 8, are also likely invalid. Thus, claims 7 and 8, which merely add simple variations to the features of the independent claims, only remain valid because they were not named in Beacon's initial complaint and, therefore, were not included in VWGoA's reexamination request.

### 3.    The '111 Patent (New Claims 5, 12, and 19)

Beacon's proposed complaint in the 410 case also seeks to replace asserted claims 1, 10, and 17 of the '111 patent with claims 5, 12, and 19. As with the '368 and '180 patents, claims 5, 12, and 19 depend from cancelled claims (1, 10, and 17, respectively), and only add a minor variation to the features of the independent

claims. Moreover, as with the '180 patent, the PTO rejected the allegedly novel feature of the '111 patent. Further, in the IPR, the PTO has found that "there is a reasonable likelihood that the petitioner would prevail" in invalidating claims 5, 12, and 19. Ex. 26. Accordingly, as with the newly asserted claims of the '368 and '180 patents, claims 5, 12, and 19 of the '111 patent have only escaped cancellation thus far because Beacon did not identify them in its initial complaint.

## III.   ARGUMENT - A STAY PENDING REEXAMINATION WILL SIMPLIFY THE ISSUES IN THE CASE, AS IT HAS ALREADY, AND WILL NOT PREJUDICE BEACON

Courts in the Sixth Circuit, and thus in this District, consider three factors in determining whether a stay is appropriate pending reexamination of the patents-in-suit:   (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. *DSW Inc. v. Shoe Show, Inc.*, No. 1:11 CV 1797, 2012 WL 2994193, at *1 (N.D. Ohio Jul. 20, 2012); *Visual Interactive Phone Concepts, Inc. v. Samsung Tel. Am., LLC*, No. 11-12945, 2012 WL 1049197, at *2 (E.D. Mich. Mar. 28, 2012); *NetJumper Software, L.L.C. v. Google, Inc.*, No. 04-70366, 2008 WL 2761022, at *2 (E.D. Mich. Jul. 15, 2008); *Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 WL 3104794, at *4 (E.D. Mich. Oct. 22, 2007); *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-CV-126, 2007 WL 772891, at

*2 (W.D. Mich. Mar. 12, 2007); *Ralph Goznnocci Rev. Living Tr. v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) (Duggan, J.). Notably, each of these factors weighs strongly in favor of a stay of these litigations until the reexamination of Beacon's patents, including any appeals, are completed.

Further, this Circuit and District also recognize the benefits of staying patent litigation while PTO reexamination proceedings are pending, which includes:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.[8]
2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

*Visual Interactive Phone Concepts, 2012 WL 1049197, at *2; Insituform Techs., Inc. v. Liqui- Force Servs. (USA), Inc.*, No. 08-11916, 2009 WL 1469660, at *2 (E.D. Mich. May 26, 2009); *Ralph Gonnocci Rev. Living Tr.*, 68 U.S.P.Q.2d at 1757. These considerations also strongly favor a stay pending the reexaminations.

---

[8] Because the prior art has not been submitted to the Court, the only art considered by the PTO is that identified in the reexaminations and IPR of the asserted patents is that identified by VWGoA and Denso in those proceedings.

**A.    The First Relevant Factor (Prejudice or Tactical Disadvantage) Favors a Stay: Beacon is a Patent Holding Company and Does Not Compete with BMW (or Anyone); Moreover, The Reexamination Proceedings at the PTO Are at an Advanced Stage Compared To The Various Lawsuits**

As to the first factor ("whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party "), a stay pending reexamination at this early stage will not unduly prejudice Beacon. It is undisputable that Beacon is a patent holding company that does not compete with BMW. As a result, Beacon will not lose customers or market share if this case is stayed, because monetary damages will be sufficient to compensate Beacon if it is successful in litigating its infringement claims after the PTO completes the reexamination of its patents. *See Visual Interactive Phone Concepts*, 2012 WL 1049197, at \*3 (finding no prejudice where plaintiff was not practicing the patents); *NetJumper Software*, 2008 WL 2761022, at \* 2 (finding no prejudice where patentee was not currently operating as "an ongoing business enterprise"); *Magna Donnelly*, 2007 WL 772891, at \*5 (finding no prejudice where plaintiff did not seek a preliminary injunction). Thus, there is simply no undue prejudice to Beacon, including the time that the case is stayed. Staying a case necessarily incurs delay, but "delay as a result of 'the reexamination process does not constitute, by itself, undue prejudice.'" *Visual Interactive*, 2012 WL 1049197, at

*2 (quoting *KLA–Tencor Corp. v. Nanometrics, Inc.*, No. C 05-3116 JSW, 2006 WL 708661, at *3 (N.D. Cal. March 16, 2006)); *DSW*, 2012 WL 2994193, at *2.

Nor will a stay create a tactical disadvantage for Beacon. Here, VWGoA requested reexamination of Beacon's patents by the PTO promptly after Beacon initially filed suit in October 2011, after the litigation had just started.[9] Under these circumstances, Beacon will not and cannot credibly claim to be at a tactical disadvantage if the cases are stayed until the PTO completes the reexaminations. *See Visual Interactive Phone Concepts*, 2012 WL 1049197, at *3; *NetJumper Software*, 2008 WL 2761022, at * 2; *Magna Donnelly*, 2007 WL 772891, at *5.

During the briefing on the motion to stay in the Delaware cases, for "undue prejudice," Beacon complained that "it is highly likely that [the accused products] will be misplaced, non-operational, or otherwise unavailable by the time the reexaminations are complete," but Beacon did not explain how the accused BMW automobiles will suddenly become unavailable as the reexaminations continue.[10] 930 Case. D.I. 47 at 15-16. A minimal investigation of the BMW models available today reveals that none of BMW's accused products have yet disappeared, despite

---

[9] After filing complaints in Delaware, Beacon chose to assert four of its patents in the International Trade Commission (ITC) instead of pursuing the Delaware lawsuits . As a result of that choice by Beacon, one of the lawsuits was stayed automatically by statute and neither has yet advanced beyond the pleading stage. Beacon chose to terminate the ITC proceeding, leaving these pending cases.

[10] Beacon also improperly assumed, without citing any case law, that it is entitled to obtain inspection of the accused vehicles directly from BMW.

14

the fact that over eight months have passed since Beacon raised this highly-speculative argument.   In fact, there are hundreds of accused BMW products currently available at the nine certified BMW dealers within an hour's drive of Beacon's counsel's offices.   *See* Ex. 37.   For example, Weatherford BMW of Berkeley, California, alone, has a current inventory of 98 certified pre-owned BMW vehicles with navigation systems. [11]   Ex. 38.   BMW's accused products are also available from at least two rental car agencies in the San Francisco Area.[12] Thus, there is no indication that BMW's products will become unavailable in the short time it will take for the already-advanced reexaminations to conclude, and, moreover, Beacon cannot explain why it has not attempted to inspect these products in the 20 months since it filed its complaints, or why a stay would prevent it from doing so now.

Beacon also complained in the previous briefing in Delaware about the multiple reexaminations requests, claiming reexaminations could go on "indefinitely."[13] *Id.* at 16.   But, tellingly, Beacon initially chose to pursue its patent

---

[11]  BMW's dealers are independent and not related to the BMW Defendants.   Thus, if Beacon seeks access to those BMW vehicles, Beacon would have to make arrangements with those independent dealers for accessing any of the inventory, which Beacon would need to do regardless of the outcome of this motion to stay.

[12]  *See, e.g.,*  http://www.bhsanfrancisco.com/rental_cars/BMW.html  and http://exoticcars.enterprise.com/sanfrancisco (last accessed July 5, 2013).

[13]  Beacon will likely reiterate this objection if any defendant requests additional reexaminations of the newly asserted claims Beacon seeks to add to its amended complaint. But, 
(continued...)

claims in the ITC, where a stay pending reexamination is generally unavailable, and Beacon only resorted to district court relief for a second bite at the apple after its case in the ITC failed. It hardly seems reasonable to hear Beacon's complaints about "prejudicial delay" in view of Beacon's wasted time and effort at the ITC.

Thus, as there is no undue prejudice by the stay of this case pending reexamination, this first factor favors the grant of a stay pending reexamination.

**B.     The Second Relevant Factor (Simplifying the Issues) Favors a Stay: The PTO Has Ordered Reexamination of, and Rejected as Not Patentable, All Twelve Claims of the '201, '368,'269, '180, and '111 Patents That Beacon Has Asserted Against BMW, and a Reexamination of the Remaining Two Asserted Claims of the '511 Patent Against BMW is Pending**

As to the second factor ("whether a stay will simplify the issues in question and trial of the case"), a stay will unquestionably simply the issues that must be addressed by the parties and the Court and significantly reduce the cost of the litigations.   Indeed, in the short time that has expired since Beacon initially attempted to assert patents in the ITC (and then terminated that proceeding), the PTO had already ordered reexamination of all 14 originally-asserted claims of the '201, '368,'269, '180, '111, and '511 patents asserted by Beacon, and has already

---

(...continued)
Beacon itself has inspired any such new PTO requests, because Defendants can hardly be criticized for only challenging the patentability of claims until they are actually asserted by Beacon against a particular Defendant..

found 12 of 14 claims unpatentable.  As Beacon never amended its claims, it is unlikely that any of the asserted claims will be confirmed by the PTO in any form.

The reexaminations have already resulted in dramatic issue simplification, as all of Beacon's claims are under reexamination and all but two of Beacon's asserted claims have been rejected by the PTO (most without protest by Beacon):[14]

- Beacon's original complaint asserted claims 1, 12, and 18 of the '201 patent.  Yet, as discussed above, all three of these asserted claims have been rejected by the PTO and await cancellation.  Thus, the reexamination will eliminate *all issues* related to the '201 patent.

- Beacon's original complaint asserted independent claims 1 and 15 of the '368 patent.  Yet, as discussed above, independent claims 1 and 15 have been rejected by the PTO and await cancellation.  Thus, again, the reexamination will eliminate *all issues* related to those claims.

- Beacon's original complaint asserted claims 1, 7, and 11 of the '269 patent.  Because all three of those claims have been rejected by the PTO and await cancellation, Beacon has completely dropped the '269 patent from the case, thus eliminating *all issues* related to this patent.

- Beacon's original complaint asserted only claim 1 of the '180 patent.  But, the reexamination resulted in the cancellation of that single claim, thus eliminating *all issues* with respect to that claim.

- Beacon's original complaint asserted claims 1, 10, and 17 of the '111 patent.  The reexamination resulted in the cancellation of all three claims, thus eliminating *all issues* with respect to those claims.

- Beacon's originally complaint asserted claims 1 and 3 of the '511 patent.  Both of these claims are currently under reexamination, and although the reexamination is currently stayed, about three quarters of all *ex parte* reexamination proceedings result in the cancelation or

---

[14]  Beacon may complain that the PTO can only resolve issues of invalidity (or patentablity), but if Beacon has no valid claims left to assert, which is the likely outcome of the reexaminations here, all other issues in the case are rendered moot.

amendment of the claims of the patent being reexamined, so those claims will likely be cancelled or amended as well. *See* Ex. 39.

Thus, it is almost certain that *all* of Beacon's asserted claims will not merely be amended but *totally canceled* by the PTO. Therefore, reexamination has already had a profound effect on the case for issue simplifications. There can be no dispute a further stay pending reexamination will result in further simplification of issues.

Of course, due to the fact that the PTO has now rejected/cancelled almost all of Beacon's originally-asserted patent claims, Beacon has recently moved for leave to amend its complaint to add new asserted claims (a motion that is opposed, in part, by the Defendants). Yet, even if this Court allows the amended Complaint, and especially based on the history of the reexaminations of the originally asserted claims (noted above), there can really be no debate that a further stay of this case pending reexamination will result in further simplification of the issues in the case. Indeed, the newly-asserted claims are similarly likely to be rejected by the PTO:

- Beacon's amended complaint also includes the same asserted claims 1, 12, and 18 of the '201 patent. As noted above, these claims have been rejected by the PTO and await cancellation; thus, reexamination has already eliminated *all issues* related to the '201 patent.

- Beacon's amended complaint also includes claims 1 and 15 of the '368 patent as asserted claims. As noted above, these independent claims have been rejected by the PTO and await cancellation; thus, reexamination has already eliminated *all issues* related to those claims. As to issues of invalidity related to dependent claims 10 and 11, which Beacon also asserts in its amended complaint, issues will also be greatly simplified, as those claims add only minor variations to the rejected independent claims, and therefore are also likely invalid.

18

- Beacon has completely dropped the '269 patent from its amended complaint, thus *all issues* related to that patent have been eliminated.

- As reexamination resulted in the cancellation of claim 1 of the '180 patent, Beacon's amended complaint asserts dependent claims 7 and 8, but those claims add only minor variations to rejected independent claim 1, and therefore those new claims are also likely invalid.[15]

- As reexamination resulted in the cancellation of claims 1, 10, and 17 of the '111 patent, Beacon's amended complaint asserts dependent claims 5, 12, and 19, but those claims add only minor variations to the rejected independent claims, and therefore are also likely invalid.[16]

- Beacon's amended complaint also include the same asserted claims 1 and 3 of the '511 patent. As noted above, reexamination of those claims is stayed, but as with all the other claims, reexamination will likely result the cancelation or amendment of these claims. *See* Ex. 39.

Therefore, as with Beacon's originally-asserted claims, it is almost certain that Beacon's newly-asserted claims will also be impacted by further reexamination. And, if the newly-asserted claims are also found to be invalid and canceled by the PTO, the reexamination proceedings result in dramatic issue simplification by mooting Beacon's entire lawsuits. *See NetJumper Software*, 2008 WL 2761022, at * 2 ("Thus, there is an extremely good chance that the Patent Office, after its reexamination of the '172 patent has been completed, will simplify or eliminate some or all of the contested issues from this litigation."); *Equipements de Transformation Imac v. Anheuser-Busch Co., Inc.*, 559 F. Supp 2d 809, 816 (E.D.

---

[15] Of the new claims that Beacon intends to assert in its amended complaint, only claims 7 and 8 of the '180 patent are not currently subject to PTO review.

[16] As explained above, the PTO in the IPR of the '111 patent has already found that there is "reasonable likelihood" that claims 5, 12, and 19 are invalid.

Mich. 2008) ("Courts routinely issue stays in infringement cases pending reexamination for the very reason that the infringement action can become moot or, at the very least, narrowed significantly."); *Ralph Gonnocci Rev. Living Tr.*, 68 U.S.P.Q. 2d at 1758-59 ("The PTO may resolve any remaining disputes, simplify the issues with respect to that patent, or encourage the parties to settle the remaining claims."). Therefore, issue simplification strongly favors a stay here.

Indeed, even if any of Beacon's asserted claims survive reexamination (which appears unlikely based on the history of the reexaminations in this case), any revisions to the claims (as well as arguments relating to patentability made by Beacon during the reexaminations) will certainly affect the scope of the surviving claims for purposes of claim construction and/or the ultimate infringement/validity determinations in the case (thus, resulting in certain issue simplification). *See, e.g., Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012); *Marine Polymer Techs. v. Hemcon, Inc.*, 659 F.3d 1084, 1091–92 (Fed. Cir. 2011), *aff'd en banc*, 672 F.3d 1350 (Fed. Cir. 2012) ("[A]rguments made to the PTO on reexamination can create an estoppel or disavowal and thereby change the scope of claims even when the language of the claims did not change."); *St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*, 412 Fed. Appx. 270, 275–76 (Fed. Cir. 2011) ("Reexamination statements are relevant prosecution history when interpreting claims.") (internal citation omitted); *Visual Interactive Phone*

*Concepts, Inc.*, 2012 WL 1049197, at *4 ("The Court acknowledges that . . . any changes to the patent claims will affect the proposed claims that need construction by the Court. Given the probability that some changes will be made, it is an improvident use of the Court's time to interpret a phrase that is later modified during the reexamination proceeding, thus effecting [sic] the Court's construction."). The revisions to any of the asserted claims may also result in intervening rights, entirely mooting Beacon's claims of infringement against BMW (at least retrospectively for those claims). *See Marine Polymer Techs. v. Hemcon, Inc.*, 672 F.3d 1350, 1361–62 (Fed. Cir. 2012) (en banc); *Univ. of Va. Patent Found. v. General Electric Co.*, 755 F. Supp. 2d 709, 736–37 (W.D. Va. 2010).

Also, even if any of Beacon's claims survived reexamination, the Court may benefit from the PTO's input for any of those claims that survive. *See Magna Donnelly Corp.*, 2007 WL 772891, at *3 ("Moreover, courts routinely have recognized the benefits to courts of having PTO expertise and experience to inform patent trial proceedings." (*citing Ethicon, Inc. v. Quigg*, 849 F.2d 1422,1426 (Fed. Cir. 1988))). If the case were to proceed at the same time as the reexaminations, both the Court and the parties would spend time and resources addressing claim construction, invalidity, and non-infringement issues relating to claims that the PTO may ultimately cancel as not patentable. *See Dura Global Techs., LLC v. Magna Int'l Inc.*, Civil Action No. 11-cv-10551-SFC-MKM, 2011 WL 5039883, at

21

* 7 (E.D. Mich. Oct. 24, 2011) ("It makes little sense to perform these tasks with the current state of the claims being uncertain. It is likely the parties would have to amend or re-draft these contentions after the reexamination proceedings.").

A stay pending reexamination also avoids duplication by the Court, not only of claim constructions issues, but also possible duplication of a jury trial. This Court's constructions of the patent claims, its other rulings based on those constructions, or any trial may be futile, and any judgment issued by the Court may have to be modified or issues may have to be re-tried after the reexaminations, and any appeals, eventually conclude. *See, e.g., Flexiteek Americas, Inc. v. Plasteak, Inc.*, No. 08-60996-CIV, 2012 WL 5364263, at *9-10 (S.D. Fla. Sept. 10, 2012) (recommending relief from judgment and vacation of final judgment where claim found to be infringed was canceled by PTO during reexamination, because any claim canceled during reexamination is "void *ab initio*"), adopted and supplemented by 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012); *Seaquist Closures LLC v. Rexam Plastics,* No. 08C0106, 2009 WL 1615521, at *1-2 (E.D. Wis. Jun. 9, 2009) (dismissing action with prejudice where asserted claim was canceled in reexamination proceeding); *see also Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused

22

infringers.")[17]   Indeed, the Federal Circuit just overturned a $23,500,000 judgment from a district court case, six years after the case was filed and initially decided, based on the fact that the PTO had later found the patent invalid.  *See Fresenius USA, Inc. v. Baxter Intern., Inc.*, – F.3d –, 2013 WL 3305763 (Fed. Cir. 2013).

Finally, as to issue simplification, the massive volume of the cases that Beacon has filed against the entire automobile industry greatly favors a stay pending reexamination so that the overwhelming number of issues can be simplified.  In 38 separate cases, Beacon's initial series of complaints assert that more than 50 individual defendants infringe a total of 19 claims of eight different patents.  Beacon's complaints also implicate at least 18 separate defendant groups and hundreds, if not thousands, of individual accused products.  And, further complicating matters, the accused products are not uniform, even within each defendant group, as different third-party suppliers provide accused navigation systems incorporated in each Defendants' accused products.[18]  Thus, efficiency and pragmatism strongly favor staying these cases pending reexamination, until the

---

[17] In addition, the final determination of the PTO in the reexamination proceedings may have a preclusive effect. *See Tan v. Integrated Silicon Sol'ns. Inc.*, No. C 07-06166 WHA, 2008 WL 2340217, at *3-4 (N.D. Cal. Jun. 5, 2008) (estopping patentee from asserting claim rejected by PTO during reexamination).

[18] For example, in 2011 alone, approximately 70 different BMW (and Mini) vehicles included navigation systems from two different groups of component suppliers as a standard or optional feature. *See, e.g.,* -930 case, D.I. 37, 41; *see also* http://www.bmwusa.com/Standard/Content/Owner/dgh.aspx (listing of BMW's 2011 models) (last accessed July 5, 2013).  The facts with respect to the other Defendants are similarly complex.

PTO concludes its review of all of the asserted Beacon patent claims, as the benefit and cost savings of any simplified or eliminated issue will exponentially spread across Beacon's myriad cases.   Indeed, the reexaminations have already forced Beacon to withdraw two of its asserted patents and drop many other claims, conserving substantial time and expense for all parties.   And, with cancellation of the asserted claims of three patents looming and with most of the remaining claims subject to further review, many of the cases may be wholly eliminated before the parties and this Court need invest any (more) significant time or resources.   Thus, the reexaminations have already begun to reap benefits for the parties and the Court, completely eliminating many issues even at this very early stage in the case.

Thus, again, as there is no dispute that a stay pending reexamination will result in issue simplification, this second factor also favors the grant of a stay.

### C. The Third Relevant Factor (The Current Status of the Litigations) Favors a Stay: Beacon's Lawsuits Against BMW Have Not Advanced Beyond the Pleading Stage

Beacon concedes that the current status of the litigations weighs in favor of a stay. *See* -930 case, D.I. 45, 47 at 17. And, clearly, a stay pending reexamination as to BMW in these cases would not affect discovery or any other pretrial matter, because no schedule has ever been set in any of Beacon's litigations against BMW. *See Magna Donnelly*, 2007 WL 772891, at *4 ("Defendants have sought reexamination before the PTO and a stay in this Court even before case scheduling

deadlines have been set. It would be difficult to conceive of a case in which this factor more strongly favored the issuance of a stay."). And, in contrast to the litigations, the reexamination proceedings in the PTO have advanced to final stages,[19] with 12 of Beacon's 14 patent claims rejected as unpatentable, so far.

## IV.   CONCLUSION

For the foregoing reasons, BMW respectfully requests that the law in this Circuit and District strongly favor stay pending reexamination of these cases pending the completion of reexaminations and IPR and any related appeals.

DICKINSON WRIGHT PLLC

By: /s/ Michelle L. Alamo
Michelle L. Alamo (P60684)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
malamo@dickinsonwright.com

*Of Counsel*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, Virginia 20190
Telephone: (571) 203-2700
lionel.lavenue@finnegan.com

---

[19] Of all the reexaminations (and IPR proceedings) at the PTO, the reexamination of the '511 patent is the only proceeding in the early stages. But, the '511 reexamination is only in the early stages due to an earlier IPR proceeding.

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, D.C.
Telephone: (202) 408-4000
ben.cassady@finnegan.com

*Attorneys for Defendants*
*BMW OF NORTH AMERICA, LLC, BMW*
*MANUFACTURING CO., LLC, AND*
*BAYERISCHE MOTOREN WERKE AG*

Dated: July 9, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on July 9th, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing upon all ECF filing Participants.

/s/ Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Ste. 4000
Detroit, MI 48226
malamo@dickinsonwright.com

26