**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| BEACON NAVIGATION GMBH,  Plaintiff,  v.  FCA US LLC,  Defendant. | Case No. 2:13-cv-11378-VAR-EAS Case No. 2:13-cv-11380-VAR-EAS  Honorable Victoria A. Roberts Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,  Plaintiff,  v.  FORD MOTOR CO.,  Defendant. | Case No. 2:13-cv-11381-VAR-EAS Case No. 2:13-cv-11382-VAR-EAS  Honorable Victoria A. Roberts Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,  Plaintiff,  v.  GENERAL MOTORS LLC,  Defendant. | Case No. 2:13-cv-11386-VAR-EAS Case No. 2:13-cv-11387-VAR-EAS  Honorable Victoria A. Roberts Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,  Plaintiff,  v.  AUDI AG, AUDI OF AMERICA, INC., AND AUDI OF AMERICA LLC,  Defendants. | Case No. 2:13-cv-11389-VAR-EAS Case No. 2:13-cv-11405-VAR-EAS  Honorable Victoria A. Roberts Magistrate Judge Elizabeth A. Stafford |

1

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>     v.<br><br>BAYERISCHE MOTOREN WERKE AG, BMW OF NORTH AMERICA, LLC, AND BMW MANUFACTURING CO., LLC,<br><br>                Defendants. | Case No. 2:13-cv-11407-VAR-EAS<br>Case No. 2:13-cv-11410-VAR-EAS<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>     v.<br><br>HONDA MOTOR CO., LTD., HONDA NORTH AMERICA, INC., AMERICAN HONDA MOTOR CO., INC., HONDA MANUFACTURING OF ALABAMA, LLC, HONDA MANUFACTURING OF INDIANA, LLC, AND HONDA OF AMERICA MANUFACTURING, INC.,<br><br>                Defendants. | Case No. 2:13-cv-11412-VAR-EAS<br>Case No. 2:13-cv-11413-VAR-EAS<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>     v.<br><br>HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, AND HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,<br><br>                Defendants. | Case No. 2:13-cv-11414-VAR-EAS<br>Case No. 2:13-cv-11416-VAR-EAS<br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, JAGUAR CARS LTD., AND LAND ROVER,<br><br>　　　　　Defendants. | Case No. 2:13-cv-11422-VAR-EAS<br>Case No. 2:13-cv-11424-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., AND KIA MOTORS MANUFACTURING GEORGIA, INC.,<br><br>　　　　　Defendants. | Case No. 2:13-cv-11440-VAR-EAS<br>Case No. 2:13-cv-11441-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAZDA MOTOR CORPORATION AND MAZDA MOTOR OF AMERICA, INC.,<br><br>　　　　　Defendants. | Case No. 2:13-cv-11444-VAR-EAS<br>Case No. 2:13-cv-11448-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>    v.<br><br>DAIMLER AG, DAIMLER NORTH AMERICA CORPORATION, MERCEDES-BENZ USA, LLC, AND MERCEDES-BENZ U.S. INTERNATIONAL, INC.,<br><br>                Defendants. | Case No. 2:13-cv-11452-VAR-EAS<br>Case No. 2:13-cv-11455-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>    v.<br><br>NISSAN MOTOR CO., LTD. AND NISSAN NORTH AMERICA, INC.,<br><br>                Defendants. | Case No. 2:13-cv-11459-VAR-EAS<br>Case No. 2:13-cv-11497-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>    v.<br><br>DR. ING. H.C. F. PORSCHE AG AND PORSCHE CARS NORTH AMERICA INC.,<br><br>                Defendants. | Case No. 2:13-cv-11499-VAR-EAS<br>Case No. 2:13-cv-11504-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>                      Plaintiff,<br><br>    v.<br><br>FUJI HEAVY INDUSTRIES LTD, FUJI HEAVY INDUSTRIES USA, INC., AND SUBARU OF AMERICA, INC.,<br><br>                      Defendants. | Case No. 2:13-cv-11507-VAR-EAS<br>Case No. 2:13-cv-11508-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>                      Plaintiff,<br><br>    v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING ALABAMA INC., TOYOTA MOTOR MANUFACTURING INDIANA INC., TOYOTA MOTOR MANUFACTURING KENTUCKY INC., TOYOTA MOTOR MANUFACTURING MISSISSIPPI INC., TOYOTA MOTOR MANUFACTURING TEXAS INC., AND TOYOTA MOTOR MANUFACTURING WEST VIRGINIA INC.,<br><br>                      Defendants. | Case No. 2:13-cv-11509-VAR-EAS<br>Case No. 2:13-cv-11510-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>  v.<br><br>VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC,<br><br>    Defendants. | Case No. 2:13-cv-11511-VAR-EAS<br>Case No. 2:13-cv-11512-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>  v.<br><br>VOLVO CAR CORPORATION AND VOLVO CARS OF NORTH AMERICA LLC,<br><br>    Defendants. | Case No. 2:13-cv-11513-VAR-EAS<br>Case No. 2:13-cv-11514-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| BEACON NAVIGATION GMBH,<br><br>    Plaintiff,<br><br>  v.<br><br>SUZUKI MOTOR CORPORATION AND AMERICAN SUZUKI MOTOR CORPORATION,<br><br>    Defendants. | Case No. 2:13-cv-11516-VAR-EAS<br>Case No. 2:13-cv-11517-VAR-EAS<br><br><br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

### ORDER REGARDING:

  (1)  DISMISSAL OF SPECIFIED CLAIMS;
  (2)  LIMITATION ON REMAINING CLAIMS;
  (3)  LITIGATION BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE;

  **(4) DENIAL OF MOTIONS TO DISMISS;**
  **(5) DELAYED GRANT OF THE REQUESTS TO CONSOLIDATE; AND**
  **(6) STAY.**

## I. INTRODUCTION

Before the Court are thirty six cases brought by Beacon Navigation GmbH ("Beacon") against eighteen defendants. The suits allege infringement of several patents pertaining to navigational systems. The cases were reassigned from the Honorable Patrick J. Duggan to the Honorable Victoria A. Roberts on October 19, 2015. On December 15, 2015, the Court held a status conference to discuss the procedural posture of the cases and to set forth both substantive and scheduling orders that may usher resolution of the pending matters.

This Order provides for: (1) dismissal of specified claims; (2) limitation on the remaining claims to those referenced in the Table; (3) litigation before the United States Patent and Trademark Office ("USPTO"), which must be initiated within 180 days of this Order; (4) denial of motions to dismiss, without prejudice; (5) delayed grant of the requests to consolidate; and (6) the stay to remain in effect on all cases until completion of patent appeals.

These attorneys appeared at the status conference:

-  Kevin Jones and Jay Schloff, on behalf of Beacon Navigation GmbH
-  Patrick Seyferth, on behalf of FCA US LLC
-  Thomas Lewry and Thomas Cunningham, on behalf of Ford Motor Co.
-  Susan Smith and Michael Simoni, on behalf of Audi AG, *et al*., and

- Volkswagen AG, *et al*.

- Lionel Lavenue and Michelle Alamo, on behalf of Bayerische Motoren Werke AG, *et al*.

- John Johnson and Thomas Branigan, on behalf of Honda Motor Co., Ltd., *et al*.

- Thomas Bejin and Bryan Hart, on behalf of Hyundai Motor Co., *et al*., Kia Motors Corp., *et al*., and Nissan Motor Co., Ltd., *et al*.

- Matthew Satchwell, Ferlillia V. Roberson, and Robert Lenihan, on behalf of General Motors LLC, Jaguar Land Rover NA, LLC, *et al.*, Mazda Motor Corp., *et al*., Fuji Heavy Industries Ltd., *et al.*, Toyota Motor Corp., *et al*., Volvo Car Corp., *et al*.,

- Celine Crowson and Dennis Barnes, on behalf of Daimler AG, *et al*.

- Eugene LeDonne and Bruce Sendek, on behalf of Dr. Ing. h.c. F. Porsche AG, *et al*.

- Mike Palizzi, on behalf of Suzuki Motor Corp., *et al*.

## II.     DISMISSED CLAIMS

Plaintiff's original complaints filed in 2013 alleged infringement of "at least" particular claims of specified patents. Subsequently, Defendants sought reexamination of many of the stated claims with the USPTO. These reexaminations and subsequent appeals resulted in denial of several of Plaintiff's patents. In recognition of those rulings, Plaintiff consented at the status conference to dismiss the following claims: (1) claim 1 of patent number 6,374,180; (2) claims 1, 26, and 29 of patent number 6,178,380; (3)

claims 1, 2-3, 5-6, 10-13, 17-20, and 22 of patent number 6,029,111; (4) claims 1 and 32 of patent number 6,360,167; (5) claims 1, 12 and 18 of patent number 5,819,201; (6) claims 1, 7 and 11 of patent number 6,163,269; and (7) claims 1 and 15 of patent number 5,878,368.

Those claims are **DISMISSED WITH PREJUDICE** against all defendants.

### III. CLAIMS THAT WILL REMAIN IN SUIT

Claims 1 and 3 of patent number 5,862,511 survived USPTO review. Status Conference Statement at 11, Beacon Navigation GmbH v. FCA US LLC, No. 13-11378 (E.D. Mich. Dec. 8, 2015), ECF No. 29. In addition, prior to the status conference, Plaintiff sent defense counsel an updated list of all claims it intends to assert on each patent and against each defendant. *Id.* at Ex. 1. That email refers to specific claims that were not explicitly mentioned in the original complaints.

Defendants dispute Plaintiff's ability to now add what they allege are new claims; and, they seek to apply the heightened plausibility pleading standard of the Federal Rules of Civil Procedure that was made effective on December 1, 2015, if Plaintiff is allowed to allege new claims. Defendants also requested finality and fair notice about the claims being brought.

Plaintiff says that in light of prior Form 18 of the Federal Rules of Civil Procedure under which the cases were filed, it need not exhaustively specify the exact claims that it would assert.

The Court need not resolve this issue today because of the concessions reached by the parties. Plaintiff stipulated that it would now limit the scope of its suits to the

claims and patents listed in its December 5, 2015 email. Defendants consented to this limitation and agreed to pursue USPTO reexamination of listed claims and patents, preserving their arguments concerning pleading standards and amendments until after the reexamination process is complete.

Plaintiff may only pursue the exclusive and exhaustive list of claims set forth on the Table below:

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

| Case No. | Defendant | 5,819,201 | 5,862,511 | 5,878,368 | 6,029,111 | 6,163,269 | 6,178,380 | 6,360,167 | 6,374,180 |
|---|---|---|---|---|---|---|---|---|---|
| 13-11378 / 13-11380 | FCA US LLC | X | 1, 3 | 13-14, 20, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11381 / 13-11382 | Ford Motor Co. | X | X | 13-14, 20, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11386 / 13-11387 | General Motors LLC | X | X | 13-14, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11389 / 13-11405 | Audi AG, et al. | X | X | X | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11407 / 13-11410 | Bayerische Motoren Werke AG, et al. | X | 1, 3 | 13, 14, 23 | 7-9 | X | X | X | X |
| 13-11412 / 13-11413 | Honda Motor Co., Ltd., et al. | X | 1, 3 | 13-14, 20, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11414 / 13-11416 | Hyundai Motor Co., et al. | X | 1, 3 | 13-14, 20, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11422 / 13-11424 | Jaguar Land Rover NA, LLC, et al. | X | 1, 3 | 13-14, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11440 / 13-11441 | Kia Motors Corp., et al. | X | 1, 3 | 13-14, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11444 / 13-11448 | Mazda Motor Corp., et al. | X | 1, 3 | 13-14, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11452 / 13-11455 | Daimler AG, et al. | X | 1, 3 | 13-14, 20, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11459 / 13-11497 | Nissan Motor Co., Ltd., et al. | 2, 6-11, 13-14, 16-17 | X | 13-14, 20, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11499 / 13-11504 | Dr. Ing. h.c. F. Porsche AG, et al. | X | X | 13-14, 23 | 7-9 | X | X | X | X |
| 13-11507 / 13-11508 | Fuji Heavy Indus. Ltd., et al. | 2, 6-11, 13-14, 16-17 | X | 13-14, 23 | 7-9 | X | 19-20, 28, 31 | X | X |
| 13-11509 / 13-11510 | Toyota Motor Corp., et al. | 2, 6-10, 13-14, 16-17 | X | 13-14, 20, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11511 / 13-11512 | Volkswagen AG, et al. | X | 1, 3 | 13-14, 23 | 7-9 | X | X | X | X |
| 13-11513 / 13-11514 | Volvo Car Corp., et al. | X | X | 13-14, 23 | 7-9 | X | 19-20, 25, 28, 31 | X | X |
| 13-11516 / 13-11517 | Suzuki Motor Corp., et al. | X | 1, 3 | 13-14, 23 | 7-9 | X | X | X | X |

Final Universe of Claims by Case Number, Defendant, and Patent Number

Plaintiff will not be allowed leave to amend its complaints to add any other claims not set forth on the Table. The Court reserves judgment on whether Plaintiff may or must file amended complaints until matters before the USPTO are exhausted.

At the status conference, Defendants Audi AG, *et al*. expressed a belief that other claims remained in the suit, in particular claims 5, 12 and 19 of patent number 6,029,111. Those claims were not alleged in Plaintiff's original complaints against Audi AG. Further, Plaintiff withdrew all motions to amend its complaints. Any claims that were submitted in a proposed amended complaint that were not listed in Plaintiff's December 5, 2015 email, and thus excluded from this Order's Table of remaining claims in the suit, are **DISMISSED WITH PREJUDICE**. To be clear, the only claims Defendants must address until this litigation is completed are those listed on the Table.

## IV. REEXAMINATION, INTER PARTES REVIEW, AND USPTO APPEALS

Defendants requested the opportunity to pursue various remedies to challenge Beacon's patents with the USPTO. Plaintiff suggested the Court instead proceed with all claims still in the suit, allowing any USPTO proceedings to run in tandem.

While it would be possible to continue these civil actions in conjunction with USPTO actions, such an approach presents obvious impairments in judicial economy. Efforts spent investigating patent claims that are ultimately cancelled by the USPTO would be futile. Moreover, in light of the claimed similarities between various patent claims, beginning discovery on certain claims which survived USPTO review – while waiting for official guidance on other claims – would only duplicate the work for all parties.

Plaintiff expressed concern that prejudice could result from undue delay in pursuing reexamination. The Court finds this concern well grounded.

Defendants must initiate any USPTO reexamination or challenge processes within 120 days of this Order. Failure to seek USPTO review within that time will result in the Court reevaluating its position on stay, set forth in Section VI of this Order.

### V. PENDING MOTIONS

#### A. MOTIONS TO DISMISS

Several motions are before the Court: (1) Motion to Dismiss by Audi AG, *et al.*, No. 13-11405 (E.D. Mich. June 8, 2013), ECF No. 15; (2) Motion to Dismiss by Volkswagen AG, *et al.*, No. 13-11512 (E.D. Mich. June 8, 2013), ECF No. 15; (3) Motion to Dismiss by Beacon, Nos. 13-11407 and 13-11410 (E.D. Mich. May 28, 2013), ECF Nos. 12. Each motion refers to claims which are dismissed as a result of this Order.

In addition, these motions refer to claims brought under patents 5,862,511 and 5,878,368, which remain in suit. Other claims might also be added via amended complaints. Accordingly, these pending motions are **DENIED WITHOUT PREJUDICE**. The parties may file renewed or amended motions at the conclusion of the USPTO review proceedings.

#### B. MOTION TO CONSOLIDATE

Beacon filed two cases against each defendant in order to bifurcate claims that were under independent and parallel review at the International Trade Commission ("ITC") from those that were not. At the status conference, Beacon informed the Court

13

that the ITC proceedings had concluded, and requested that the Court consolidate the cases. Beacon initially sought consolidation of each pair of cases brought against each defendant in conjunction with its motions for leave to file an amended complaints in each case. *See, e.g.*, Motion to Consolidate and for Leave to File Amended Complaint at 5, Beacon Navigation GmbH v. FCA US LLC, No. 13-11378 (E.D. Mich. May 30, 2013), ECF No. 14. Beacon withdrew its request to amend the complaints on September 9, 2015, but reiterated its consolidation request stating that "Beacon maintains its request to consolidate the 36 co-pending cases, which was unopposed by any defendant at the time the motions were filed." *See, e.g.*, *id.*, ECF No. 25. This was an erroneous statement of the consolidation motions before the Court, and the Court declines to consider this request since it is not a pending motion.

At the status conference, Plaintiff did agree to consolidate each pair of cases against each defendant into one case per defendant.

The Court declines to grant consolidation at this stage. It is possible that all claims filed in particular cases or against particular defendants will be withdrawn or dismissed following USPTO review. In addition, no pressing efficiency considerations require consolidation at this juncture; the cases will remain stayed until the reexamination process outlined in Section IV of this Order is completed. But, because the parties agree that each pair of cases should be consolidated, the Court will enter consolidation as a stipulation of the parties once the reexamination processes are complete.

## VI. STAY

All cases are stayed pursuant to a stipulated order filed on September 17, 2013.

The stay was intended to allow reexamination and inter partes review of the then asserted patents to conclude.

All actions will continue to be stayed to allow Defendants to pursue USPTO review.

**IT IS ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 22, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 22, 2015.

s/Linda Vertriest  
Deputy Clerk